UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Be Green Packaging, LLC,<br><br>      Plaintiff,<br><br>vs.<br><br>Shu Chen,<br><br>      Defendant,<br><br>vs.<br><br>Be Green Holding Co. and Jim Brown<br><br>      Third-Party Defendants. | Civil Action No. 9:19-3273-BHH<br><br>**OPINION AND ORDER** |

This matter is before the Court on Plaintiff Be Green Packaging, LLC ("Be Green") and Third-Party Defendants Be Green Holding Company ("Be Green Holding") and Jim Brown's motion to dismiss Defendant Shu Chen's ("Chen") counterclaim and third-party complaint. (ECF No. 58.) For the reasons set forth herein, the Court grants the motion, to the extent it is premised on the failure to adequately plead the futility of a pre-suit demand, and dismisses Chen's counterclaim and third-party complaint *without prejudice*. (ECF No. 50 at 25–37.)

**BACKGROUND**

In its August 27, 2020 Opinion and Order denying Be Green's motion for preliminary injunction, the Court set forth in detail the factual allegations that form the basis of this action (ECF No. 46 at 1–13), and the Court assumes familiarity therewith. Be Green filed its original complaint against Chen on November 20, 2019, asserting claims

1

for breach of contract, breach of fiduciary duty, misappropriation of trade secrets, tortious interference, and violation of the Defend Trade Secrets Act for the alleged taking and misappropriation of Be Green's package manufacturing technology. (*See* ECF No. 1 at 2.) Be Green later amended the complaint on September 8, 2020. (ECF No. 49.)

On September 22, 2020, Chen filed his counterclaim and third-party complaint (ECF No. 50), asserting shareholder derivative claims on behalf of Be Green and its parent, Be Green Holding, against Be Green's CEO Jim Brown ("Brown"), as well as "nominally against Be Green and Be Green Holding." (*See* ECF No. 50 at 25 ¶ 1.) According to the third-party complaint, Be Green's decision to terminate Chen's employment and pursue "baseless litigation" against him constitutes "gross mismanagement" (*id.* ¶¶ 40–43) and "waste of corporate assets" (*id.* ¶¶ 44–46). Chen seeks to cause Be Green Holding to assert Be Green's claims, because Be Green Holding owns 100 percent of the interests in Be Green. (*Id.* ¶ 1.) Chen became a member of Be Green Holding's board of directors in 2013 and continues to own shares of Be Green Holding. (*Id.* ¶¶ 13, 15.)

Be Green Holding is a Delaware corporation with its principal place of business in New York. (*Id.* ¶ 5.) The third-party complaint contains no factual allegations regarding Be Green Holding's contacts with this jurisdiction. (*See* ECF No. 50 at 25–37.) Chen did not make a pre-suit demand on Be Green or Be Green Holding's board of directors before he filed the third-party complaint and asserts that such a demand would be futile. (*Id.* ¶ 39.) Chen alleges that Brown and others serve on Be Green Holding's board of directors. (*See id.* ¶ 39.a. (referring, in addition to Brown, to the "remainder of Be Green Holding's board").) However, Chen does not allege how many others serve on Be Green Holding's

2

board or their identities.

Be Green Holding, Be Green, and Brown (collectively, "Movants") filed the instant motion to dismiss on October 30, 2020. (ECF No. 58.) Chen filed a response in opposition on November 23, 2020. (ECF No. 63.) On December 10, 2020, Movants filed a reply. (ECF No. 66.) These matters are ripe for consideration and the Court now issues the following ruling.

## STANDARD OF REVIEW

**Federal Rule of Civil Procedure 12(b)(2) – Personal Jurisdiction**

When personal jurisdiction is challenged by a defendant, the plaintiff bears the burden of showing that jurisdiction exists. *See In re Celotex Corp.*, 124 F.3d 619, 628 (4th Cir. 1997). If the Court addresses the issue of jurisdiction on the basis of pleadings and supporting legal memoranda without an evidentiary hearing, "the burden on the plaintiff is simply to make a prima facie showing of a jurisdictional basis in order to survive the jurisdictional challenge." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). In deciding such a motion, "the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Id.* The Court may also consider evidence outside of the pleadings, such as affidavits and other evidentiary materials, without converting the motion to dismiss into a motion for summary judgment. *Magic Toyota, Inc. v. Se. Toyota Distribs., Inc.*, 784 F. Supp. 306, 310 (D.S.C. 1992).

**Federal Rule of Civil Procedure 23.1 – Verification and Pre-Suit Demand**

Rule 23.1(b) of the Federal Rules of Civil Procedure states that a shareholder-derivative complaint "must be verified." Fed. R. Civ. P. 23.1(b); *see also In re SCANA*

*Corp. Derivative Litig.*, No. 3:17-CV-3166-MBS, 2018 WL 3141813, at *2 (D.S.C. June 27, 2018) (stating Rule 23.1(b) "governs the pleading requirements in derivative actions"). Moreover, Rule 23.1(b) requires that such a complaint "state with particularity: (A) any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and (B) the reasons for not obtaining the action or not making the effort." Fed. R. Civ. P. 23.1(b)(3).

"It is the plaintiff's burden in a derivative action to overcome the 'key principle' that 'directors are entitled to a *presumption* that they were faithful to their fiduciary duties.'" *McPheely v. Adams*, No. 6:13-CV-02660-GRA, 2013 WL 6581850, at *4 (D.S.C. Dec. 16, 2013) (quoting *Beam ex rel. Martha Stewart Living Omnimedia, Inc. v. Stewart*, 845 A.2d 1040, 1048 (Del. 2004)) (emphasis in original). *See also In re GoPro, Inc.*, No. 2018-CV-0784-JRS, 2020 WL 2036602, at *8 (Del. Ch. Apr. 28, 2020) ("To mount a successful 'challenge to a board of directors' managerial power' and wrest control of a corporation's litigation asset away from that decision-making authority, the stockholder must demonstrate that demand on the board to pursue the claim would be futile such that the demand requirement should be excused."). Accordingly, a plaintiff like Chen must meet a "significantly heightened pleading standard" to satisfy the demand futility requirement of Rule 23.1. *In re World Acceptance Corp. Derivative Litig.*, No. 6:15-CV-02796-MGL, 2017 WL 770539, at *6 (D.S.C. Feb. 28, 2017). "A court entertaining a derivative action must apply the demand futility exception as it is defined by the law of the State of incorporation." *In re SCANA Corp.*, 2018 WL 3141813, at *3. Chen is a shareholder of Be Green Holding, which is incorporated in Delaware, and the law of that State as to the demand futility exception applies. (ECF No. 50 at 25 ¶ 1.)

4

Chen's third-party complaint is a "double derivative action" (*id.*), a circumstance wherein "a stockholder of a parent corporation seeks recovery for a cause of action belonging to a subsidiary corporation," *Rales v. Blasband*, 634 A.2d 927, 932 (Del. 1993).[1] In the double derivative setting, the futility inquiry asks whether the board of the *parent* company is capable of exercising its business judgment in considering a demand. *Lambrecht v. O'Neal*, 3 A.3d 277, 282 (Del. 2010). This inquiry requires a court to "determine whether or not the particularized factual allegations of a derivative stockholder complaint create a reasonable doubt that, as of the time the complaint is filed, the board of directors could have properly exercised its independent and disinterested business judgment in responding to a demand." *Rales*, 634 A.2d at 934. "Demand is excused when a plaintiff adequately alleges a majority of the [board that would have considered the demand] is 'interested' because they face 'a substantial likelihood' of liability if suit were filed.'" *In re GoPro, Inc.*, 2020 WL 2036602, at *9 (citing, *inter alia*, *In re Ezcorp Inc. Consulting Agreement Derivative Litig.*, No. CV 9962-VCL, 2016 WL 301245, at *34 (Del. Ch. Jan. 25, 2016) ("To determine whether the Board could properly consider a demand, a court counts heads. If the board of directors lacks a majority comprising independent and disinterested directors, then demand is futile.")). To establish a director's lack of "independence," a plaintiff must plead particularized factual allegations showing that the allegedly compromised directors "are 'beholden' to [the allegedly controlling person(s)] or so under their influence that their discretion would be sterilized." *Rales*, 634 A.2d at 936

---

[1] The Delaware Supreme Court has explained: "By its nature a double derivative suit is one brought by a shareholder of a parent corporation to enforce a claim belonging to a subsidiary that is either wholly owned or majority controlled. Normally, such a claim is one that only the parent corporation, acting through its board of directors, is empowered to enforce. Cases may arise, however, where the parent corporation's board is shown to be incapable of making an impartial business judgment regarding whether to assert the Subsidiary's claim. In those cases a shareholder of the parent will be permitted to enforce that claim on the parent corporation's behalf, that is, double derivatively." *Lambrecht v. O'Neal*, 3 A.3d 277, 282 (Del. 2010).

(quoting *Aronson v. Lewis*, 473 A.2d 805, 815 (Del. 1984)).

## DISCUSSION

**Personal Jurisdiction**

Movants assert that the absence of allegations in the third-party complaint to support this Court's exercise of personal jurisdiction over Be Green Holding warrants dismissal of the third-party complaint as to Be Green Holding. (ECF No. 58-1 at 7.) Regarding general jurisdiction, Movants note that the third-party complaint contains no jurisdictional allegations to demonstrate that Be Green Holding maintains a continuous or systematic presence in South Carolina. (*Id.* at 8.) As to specific jurisdiction, Movants observe that the third-party complaint is silent as to any activities by Be Green Holding in South Carolina, and therefore fails to show that the claims asserted therein relate to conduct by Be Green Holding in the State. (*Id.*)

In response, Chen argues that in the context of double derivative actions, "so long as 'the remedy flows to the injured subsidiary, then personal jurisdiction over the parent is not necessary to grant relief.'" (ECF No. 63 at 6 (quoting *Hamilton Partners, L.P. v. Englard*, 11 A.3d 1180, 1200 (Del. Ch. 2010)).) He contends that "requiring personal jurisdiction over both a parent corporation and its subsidiary in double derivative actions 'risks situations in which there will be no forum available to hear the suit,'" because "related entities could simply design their corporate structures in such a way as to avoid legal oversight by any jurisdiction." (*Id.* at 6–7 (quoting *Hamilton Partners*, 11 A.3d at 1200).) Moreover, Chen argues that, to the extent personal jurisdiction over Be Green Holding is required, Be Green Holding has sufficient contacts with South Carolina to establish specific jurisdiction (*id.* at 8–10), and that the exercise of personal jurisdiction in

6

this case would not offend traditional notions of fair play and substantial justice (*id.* at 10–11). Chen avers that because Be Green Holding is the sole member of Be Green, Be Green Holding personally availed itself of the benefits and protections of South Carolina law for the same reason that Be Green asserted Chen was subject to personal jurisdiction here—namely, certain Be Green Holding board meetings occurred within the State. (*Id.* at 9 (citing Pl.'s Opp'n to Def.'s Mot. to Dismiss, ECF No. 33 at 7; 2d Decl. of Brown, 33-1 ¶ 13).) Chen further avers that Be Green Holding necessarily controls and manages the operations of its wholly-owned subsidiary in South Carolina, thereby transacting business in State, so it cannot legitimately claim surprise at being haled into a South Carolina federal court. (ECF No. 63 at 9 (citing, *inter alia*, *Gibson v. Confie Ins. Group Holdings, Inc.*, 2:16-CV-02872-DCN, 2017 WL 2936219, at *5 (D.S.C. July 10, 2017) (recognizing that a court may attribute the actions of a subsidiary corporation to a parent corporation if the parent exerts "considerable control" over the operations of the subsidiary)).)

      The Court is not convinced that the personal jurisdiction requirement is satisfied merely because this is a double derivative action and the remedy sought by Chen allegedly flows to Be Green Holding's subsidiary, Be Green. *Hamilton Partners* was decided under Delaware law and the question of personal jurisdiction here is governed by South Carolina law. Thus, Chen's reliance on *Hamilton Partners* is misplaced. On the other hand, the Court is not persuaded that Chen cannot show the presence of specific jurisdiction over Be Green Holding, given (a) the occurrence of board meetings in South Carolina, which were used as a premise for personal jurisdiction over Chen (*see* ECF No. 46 at 20), and (b) the inescapable fact of Be Green Holding's oversight of its wholly-owned, single-member LLC subsidiary, Be Green. Nonetheless, the Court finds it

7

unnecessary to make a specific finding regarding personal jurisdiction over Be Green Holding because, as explained below, the third-party complaint is subject to dismissal under Rule 23.1 and Chen will be permitted to refile, if appropriate.

**Rule 23.1 Verification**

Movants contend that Chen's third-party complaint must be dismissed because it is not verified. (ECF No. 58-1 at 9.) Chen argues that the verification requirement is a "hyper-technicality," that he is not required to verify his counterclaim given the context of the parties' relationship and the nature of the complaints at issue, but that he does so anyway by way of an affidavit. (ECF No. 63 at 11–12.) Again, the Court finds it unnecessary to adjudicate the verification issue and presumes Chen will fulfill this requirement when he refiles his third-party complaint, if at all.

**Rule 23.1 Pre-Suit Demand**

The Court will now address Movants' contention that the third-party complaint fails to meet the heightened pleading standard imposed by Rule 23.1(b), in that it fails to plead particularized facts showing that Chen's failure to make a pre-suit demand of Be Green Holding's board of directors is excused as futile. (*See* ECF No. 58-1 at 9–13.) Finding that Chen has not shown a demand was futile, the Court dismisses the third-party complaint *without prejudice*. Chen will be permitted refile his third-party complaint within thirty (30) days of the entry of this order.

As explained above (*supra* at 4–5), if Chen is to show that a pre-suit demand was futile in the context of this double derivative action, it is incumbent upon him to demonstrate particularized facts that create a reasonable doubt that Be Green Holding's board of directors could have exercised independent and disinterested business

judgment in responding to the demand. *Rales*, 634 A.2d at 934. Paragraph 39 of the third-party complaint asserts that a pre-suit demand would have been futile because:

> a. Brown, Be Green's other officers, and the remainder of Be Green Holding's Board participated in or approved many of the acts and omissions or were on notice of and/or recklessly disregarded the wrongs complained of herein;
>
> b. Brown personally profited from his actions during the relevant period by improperly scapegoating Chen in an attempt to keep his leadership role;
>
> c. The egregious acts complained of herein constitute violations of law and breaches of the fiduciary duties owed by Brown and were not the product of sound business judgment and constitute bad faith;
>
> d. Neither Brown nor Be Green's other officers, nor the board of Be Green Holding, can be relied upon to reach a truly independent decision as to whether to commence actions demanded by Chen against Brown and/or the officers and employees responsible for the misconduct alleged in this Counterclaim and Third Party Complaint, in that, *inter alia*, Brown is the same person that either participated in the commission of the wrongful conduct and/or culpably allowed or caused the wrongful conduct to occur on his watch;
>
> e. In order to bring this action for breaching his fiduciary duties, Brown would have been required to sue himself and allies in the top ranks of Be Green and/or Be Green Holding, persons with whom he has extensive business and personal entanglements, which he would not do, thereby excusing demand;
>
> f. Brown received payments, benefits, stock options and other benefits by virtue of his control of Be Green. He has thus benefited from the wrongdoing herein alleged and has engaged in such conduct to preserve his position of control and the p[rere]quisites thereof, and is thus incapable of exercising independent objective judgment in deciding whether to bring this action;
>
> g. Brown, Be Green's other officers, and the remainder of Be Green Holding's Board had a responsibility to review, authorize, oversee and supervise the business practices of the Company, including, *inter alia*, the Company's policies, practices and procedures, and failed in that responsibility by terminating Chen's employment and bringing a lawsuit for misappropriation of trade secrets that do not belong to Be Green and other wrongdoing. Thus, Brown and Be Green are directly involved in and/or culpable for the wrongs alleged in this Counterclaim and Third Party Complaint and not independent or disinterested enough to appropriately

9

consider a demand;

h. Brown, Be Green's other officers, and the remainder of Be Green Holding's Board cannot be relied upon to reach a truly independent decision to commence the demanded actions against Brown or other directors and officers responsible for the misconduct alleged herein, in that, inter alia, Brown, Be Green's other officers, and the remainder of Be Green Holding's Board were personally and directly involved in the misconduct alleged, personally benefited from the misconduct alleged, and approved the actions complained of herein.

(ECF No. 50 at 34–35.) These allegations are premised upon Chen's overarching theory that Be Green's lawsuit against him for misappropriation of trade secrets arises out of a scheme by Brown to pin blame on Chen for Brown's corporate waste and gross mismanagement. (*Id.* ¶ 1.) The third-party complaint states:

Specifically, Brown and Be Green sought to divert attention from his and its own underperformance—which ruined or nearly ruined Be Green financially—by terminating Chen's employment and then compounding that wrongful action by asserting frivolous litigation against Chen and claiming rights with respect to intellectual property to which Be Green holds no legal entitlement. At all times relevant, Be Green and Brown knew these actions and allegations to be baseless.

(*Id.*) In the abstract, this theory of liability is plausible. But in the context of determining the futility of a demand, Chen must show that a *majority* of the board is interested and unable to exercise independent judgment. *In re Ezcorp Inc.*, 2016 WL 301245, at *34 ("If the board of directors lacks a majority comprising independent and disinterested directors, then demand is futile.")

Besides Brown, toward whom Chen's allegations are centrally directed, the third-party complaint makes only vague references to "other directors and officers" and the "remainder of Be Green Holding's Board." The Court is informed that Be Green Holding has six directors. (ECF No. 58-1 at 5.) While the third-party complaint challenges Brown's specific conduct, it alleges no facts about any of the other five directors—much less

10

particularized facts that would satisfy Rule 23.1(b). Thus, it fails to raise a reasonable doubt that a *majority* of the board could independently and effectively consider a demand. This pleading failure requires dismissal. *See, e.g., Beam*, 845 A.2d at 1057 (affirming dismissal of derivative action where demand was shown to be futile as to only two of five directors).

Moreover, the premises Chen offers to excuse his failure to make a pre-suit demand are routinely rejected by courts. "Demand is not excused solely because [in responding to the demand] the directors would be deciding to sue themselves." *In re Citigroup Inc. S'holder Derivative Litig.*, 964 A.2d 106, 121 (Del. Ch. 2009). The third-party complaint does not attempt to plead facts showing that any director was controlled, whether by Brown or any other person, *see Rales*, 634 A.2d at 936, and instead offers only conclusory assertions that it would be futile to ask Be Green Holding's directors to "institute this action against themselves." (*See* ECF No. 50 at 34 ¶ 39.) For example, the third-party complaint alleges that an unidentified majority of Be Green Holding's board "were personally and directly involved in the misconduct alleged . . . and approved the actions complained of herein," namely, improperly terminating Chen's employment and wasting corporate assets by filing an allegedly frivolous lawsuit. (*Id.* ¶¶ 39(h), 42, 45; *see also id.* ¶ 39(a) (asserting demand is futile as to "the remainder of Be Green Holding's Board" because they "participated in or approved many of the acts and omissions"), ¶ 39(g) (asserting demand is futile because "Brown and Be Green are directly involved in and/or culpable for the wrongs alleged in this Counterclaim and Third Party Complaint").) This "sue themselves" explanation has been repeatedly rejected by courts as insufficient to show the futility of a demand. *E.g., Brehm v. Eisner*, 746 A.2d 244, 257 n.34 (Del. 2000)

11

("It is no answer to say that demand is necessarily futile because . . . the directors would have to sue themselves, thereby placing the conduct of the litigation in hostile hands[.]" (citations and quotation marks omitted)). Accordingly, Chen has not made an adequate showing that a demand was futile. This is not to say that Chen *could not* make such a showing with more complete factual allegations, which is why an amended third-party complaint will be permitted.

## **CONCLUSION**

For the reasons set forth above, Movants' motion to dismiss the third-party complaint (ECF No. 58) is GRANTED, to the extent it is premised on the failure to adequately plead the futility of a pre-suit demand, and Chen's third-party complaint is dismissed *without prejudice*. Chen will be permitted refile an amended third-party complaint, if any, within thirty (30) days of the entry of this order.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

September 27, 2020
Greenville, South Carolina